# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| CHARLES D. LOMBINO, | ) | Case No.: 2:04-cv-01491-RLH-GWF |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | (Motion for Remand–#67) |
| ARISTOCRAT TECHNOLOGIES, INC., a Nevada corporation; CASINO DATA SYSTEMS, a Nevada corporation; DOES I through X and ROE ENTITIES I through X, inclusive, | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's **Motion for Remand** (#67), filed September 11, 2006.  The Court has also considered Defendants' Opposition (#73), filed September 29, 2006, and Plaintiff's Reply (#75), filed October 13, 2006.

In addition, the Court has considered Plaintiff's related **Notice of Voluntary Dismissal with Prejudice of Third Cause of Action Only - "Employment Discrimination"- Due to Lack of Subject Matter Jurisdiction and Pursuant to FRCP 41(a)(2)** (#65), filed September 11, 2006.  The Court has also considered Defendants' Response (#72), filed September 29, 2006.

AO 72
(Rev. 8/82)

1

**BACKGROUND**

Plaintiff originally filed this case in Clark County District Court on September 29, 2004.  Four of the claims filed are state claims and one is a federal discrimination claim.  The Defendants removed the case on October 28, 2004, on the basis of subject matter jurisdiction.  Subject matter jurisdiction was based solely on Plaintiff's third cause of action wherein he claimed that "Aristocrat [had] discriminated against him on the basis of national origin in violation of 42 U.S.C. §2000e-2."  (Defs'. Notice of Removal, Doc. 1, ¶ 3.)

On December 5, 2005, Plaintiff substituted attorneys to current counsel.  On September 11, 2006, Plaintiff filed the Motion for Remand which states: "While preparing for a settlement conference in this case, it was determined and confirmed that Plaintiff Lombino did not file a complaint with the EEOC regarding the third cause of action, employment discrimination.  Thus, there is no subject matter jurisdiction over this litigation."  (Pl's. Mot. for Remand, Doc. 67, p. 2.)  Both parties agree that no complaint was ever filed with the EEOC.

**DISCUSSION**

**Motion for Remand Standard**

The statute governing this Court's discretion on a motion for remand states in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  However, if the Court originally had subject matter jurisdiction, it is within the discretion of the Court to retain pendent jurisdiction over state claims following final disposition of all federal claims or all bases for removal are dropped from the case.  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

*Jurisdiction*

Before the Court can claim pendent jurisdiction over the remaining state claims, it must first have had subject matter jurisdiction over the federal claim which provided the basis for

AO 72
(Rev. 8/82)

1   removal.  Because the Court determines that it never had subject matter jurisdiction over the third

2   cause of action, the Court will grant the Motion for Remand.

3           The Supreme Court has held that filing charges with the EEOC, receiving notice of

4   the right-to-sue, and acting upon the right-to-sue notice are jurisdictional prerequisites to filing suit

5   in federal court.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973).  Accordingly, the

6   Ninth Circuit has stated: "In cases where a plaintiff has never presented a discrimination complaint

7   to the appropriate administrative authority, we have held that the district court does not have

8   subject matter jurisdiction."  *Sommatino v. United States*, 255 F.3d 704, 709 (9th Cir. 2001) (*citing*

9   *Blank v. Donovan*, 780 F.2d 808, 809 (9th Cir. 1986)).  Thus it is clear that in order to establish

10  federal subject matter jurisdiction over an employment discrimination claim, a plaintiff must first

11  file a charge with the EEOC.

12          Defendants claim that the filing requirement *is not* jurisdictional and quote *Stache*

13  *v. Int'l Union of Bricklayers*:  "[A] plaintiff's failure to file an EEOC complaint does not bar her

14  absolutely from filing a Title VII suit; exhaustion of administrative remedies is not jurisdictional

15  but is merely a condition precedent to suit which a defendant may waive or be estopped from

16  asserting."  852 F.2d 1231, 1233 (9th Cir. 1988) (*citing Zipes v Trans World Airlines, Inc.*, 455

17  U.S. 385, 393 (1982); *Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985)).

18          This use of *Stache* however shows a misunderstanding of the principle cited.  In

19  *Stache*, as well as in other cases that cite the same principle, the Ninth Circuit is either discussing

20  the *timeliness* of the filing (thus being subject to the same defenses as a statute of limitations), or

21  whether the complaint filed in federal court was within the scope of the charges filed with the

22  EEOC.  *Id.* at 1233-34; *see e.g. Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006).

23  These cases do not discuss the need of actually filing a charge with the EEOC.  The language that

24  Defendants cite goes to whether a Plaintiff who omitted, or failed to explicitly mention a specific

25  claim in its charge with the EEOC, can still file a claim in federal court based on the fact that the

26  EEOC was sufficiently put on notice of the omitted claim, given the charge filed.  This reasoning

1    is exhaustively explained in other Ninth Circuit cases.  *Leong v. Potter*, 347 F.3d 1117, 1122 (9th

2    Cir. 2003); *EEOC v. Farmer Brothers Co.*, 31 F.3d 891, 899 (9th Cir. 1994).  Even in the *Stache*

3    case cited by Defendants, the Ninth Circuit ruled that the district court *did not* have subject matter

4    jurisdiction because the claims filed in federal court were not encompassed by the charge filed

5    with the EEOC.  *Stache*, 852 F.2d at 1234.

6              Since the Plaintiff failed to raise his Title VII claim before the EEOC, this Court

7    never had subject matter jurisdiction to hear it.  *Lowe v. City of Monrovia*, 775 F.2d 998, 1003 (9th

8    Cir. 1986); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973); *Sommatino v.

9    United States*, 255 F.3d 704, 709 (9th Cir. 2001).  Therefore, the Court cannot retain pendent

10   jurisdiction over the remaining state claims.  Following 28 U.S.C. § 1447(c), the Court shall

11   remand the case to state court.

12                                    **CONCLUSION**

13             Accordingly, and for good cause appearing,

14             IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (#67) is

15   GRANTED.

16

17             Dated:   October 23, 2006.

18

19                                                        _____

20                                                        **ROGER L. HUNT**
                                                          **United States District Judge_____**

21

22

23

24

25

26

AO 72
(Rev. 8/82)